March 26, 2013

<u>Via E-mail</u>

Hon. Denise L. Cote,
    United States District Judge,
        500 Pearl Street, Room 1610,
            New York, New York  10007-1312.

            Re:    <u>*FHFA* v. *UBS Americas Inc.*, 11 Civ. 5201 (S.D.N.Y.), et al.</u>

Your Honor:

        I write on behalf of Defendants in the above-referenced actions to request that the Court direct Plaintiff to designate an additional Fannie Mae Rule 30(b)(6) deposition witness (or witnesses) to testify on certain topics discussed below.  Defendants took a Rule 30(b)(6) deposition of Fannie on February 28 and March 1, and two of FHFA's designees—David Cook and Francisco Gonzalez-Rey—were unprepared and uninformed on issues properly noticed by Defendants.  Moreover, the deposition revealed the insufficiency of the time allotted:  despite moving briskly, Defendants were unable to question FHFA's designees on three of the agreed-upon topics (concerning wrap transactions, ratings agencies and compensation policies), and were only able to examine Mr. Gonzalez-Rey for less than one hour.  In a March 15 letter, Defendants informed Plaintiff of these deficiencies and requested additional designees as well as additional time.  (<u>Ex. A</u>, Letter from Penny Shane, dated March 15, 2013, at 1.)  FHFA refused this request in a March 19 letter and again in a meet-and-confer with Defendants on the same day.  (<u>Ex. B</u>, Letter from Jon Corey, dated March 19, 2013, at 1.)  The parties have exhausted the meet and confer process.

        "When a 30(b)(6) designee is unable to adequately respond to certain relevant areas of inquiry, the designating party has a duty to substitute an appropriate [witness]."  *Kingsway Fin. Servs.* v. *Pricewaterhouse-Coopers LLP*, 2008 WL 5336700, at *9 (S.D.N.Y. Dec. 22, 2008) (internal quotation marks and citation omitted).  Fannie Mae's 30(b)(6) designees were unprepared and unable to testify knowledgably.  Accordingly, without waiving Defendants' position that they are entitled to substantially more discovery than has been allotted to them in these cases, Defendants request that the Court compel FHFA to substitute appropriate 30(b)(6) designees:

        ***Process for Purchasing Private-Label Securities ("PLS")***:  In response to Topics 3 and 4 of Defendants' Fannie Mae 30(b)(6) Notice ("Notice") (<u>Ex. C</u>), FHFA agreed to produce a witness to testify regarding the policies and procedures "applicable to Fannie Mae's process for purchasing [Private Label Securities ('PLS')] during the relevant time period" and "pertaining to Fannie Mae's purchase, retention, or sale of PLS during the relevant time period."  (<u>Ex. D</u>, Plaintiff's Objections and Responses to Defendants' Notice of Rule 30(b)(6) Deposition to Plaintiff FHFA, at 9-10.)  [redacted]

Hon. Denise L. Cote                                                                                                          -2-

█████████████████████████████████████████████████ These questions are within the scope of topics 3 and 4 and are addressed by procedures that Mr. Cook should have been prepared to testify about. (*See, e.g.*, ██████████████████████████ ██████████████████████████) Defendants request that the Court permit two additional hours of questioning regarding Topics 3 and 4, and that the Court order FHFA to produce a designee knowledgeable concerning these topics.

***Housing Goals, Charter, and Regulatory Requirements***:  In response to Topic 9 of the Notice, FHFA agreed to produce a witness to "testify regarding Fannie Mae's policies and procedures relating to Housing Goals, Charter, and regulatory requirements as they relate to Fannie Mae's purchase of the Fannie Mae Certificates." (Ex. D at 18.)  With respect to anti-predatory lending—one of the specific "regulatory requirements" under Topic 9—Mr. Cook was unprepared. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Given Mr. Cook's lack of preparation and knowledge concerning Topic 9, we request that the Court permit two additional hours of questioning and order FHFA to designate a person knowledgeable concerning Topic 9.[1]

***Metrics and Models***:  In response to Topic 5 of the Notice, FHFA agreed to produce a witness to "testify regarding the policies and procedures governing the models used by Fannie Mae in determining whether to purchase, retain, or sell PLS; how those models were used in determining whether to purchase, retain, or sell PLS; and the inputs to and outputs from those models." (Ex. D at 12.) ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Given Mr. Gonzalez-Rey's lack of preparation, and the paucity of time that Defendants had to conduct examination concerning Topic 5, we request that the Court permit three additional hours of questioning and order FHFA to designate a person knowledgeable concerning Topic 5.

Finally, Defendants request that the Court permit five additional hours of questioning regarding Topics 13, 21, and 23, which Defendants were not able to cover on February 28 and March 1, due to insufficient time being allotted for the Rule 30(b)(6) deposition.

---

[1] Defendants also note that Mr. Cook offered testimony directly contradicting the documentary record. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Hon. Denise L. Cote                                                                 -3-

                                          Respectfully submitted,

                                          /s/ Penny Shane

                                          Penny Shane

cc:    All counsel