LAW OFFICES
# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.
WASHINGTON, D. C. 20005-5901
(202) 434-5000
FAX (202) 434-5029

RYAN T. SCARBOROUGH
(202) 434-5173
rscarborough@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

April 22, 2013

**BY E-MAIL**

Hon. Denise L. Cote
United States District Judge
500 Pearl Street, Room 1610
New York, New York 10007-1312

                RE:    <u>*FHFA v. Merrill Lynch & Co., Inc., et al.*, No. 11 Civ 6202 (DLC)</u>

Dear Judge Cote:

      On behalf of the defendants in the above-referenced action ("Merrill"), I write to respond to FHFA's April 17, 2013 letter to the Court regarding the parties' efforts to identify Loan Files and Guidelines for FHFA's Sample Loans. In that letter, FHFA misstates the status of the parties' efforts and requests two forms of relief. For the reasons discussed below, Merrill respectfully requests that both requests be denied.

      **A. Litton/Ocwen Is Providing Cross-Reference Information That Obviates FHFA's Demand that Merrill Crack Thousands of Loan Files.**

      FHFA's letter glosses over the fact that Litton/Ocwen is engaged in an ongoing and successful effort to cross reference its internal servicer numbers with the loan numbers in FHFA's sample. *See* Ex. 1, 4/22/13, Email from Wagner to Vaughn. Also, Litton/Ocwen has generated a manifest for its entire production to Bank of America, which appears to provide a complete cross listing of all loans in the production. Litton/Ocwen produced a similar manifest to Goldman Sachs on April 18, 2013. *See* Ex. 2, 4/18/13 email from Wagner to Chan ("The second is the manifest for the third and fourth hard drives, with corresponding loan numbers added.") Notwithstanding that this cross-reference information obviates the need for any cracking, FHFA asks the Court to order Merrill to engage in an unnecessary and punitive exercise as a sanction for Merrill's refusal to agree to sampling. The Court should deny FHFA's requested relief.

WILLIAMS & CONNOLLY LLP
Hon. Denise L. Cote
April 22, 2013
Page 2

Both Merrill and FHFA have worked closely with Litton/Ocwen's counsel, Brian Wagner, to obtain cross-reference information. In particular, Merrill provided loan-level information (such as the names and addresses of the borrowers in FHFA's sample) to facilitate Litton/Ocwen's efforts to identify the FHFA Sample Loans. On April 22, 2013, Mr. Wagner confirmed that this loan-level information is sufficient for Litton/Ocwen to "search its systems to identify the matching loans." *See* Ex. 1. To date, Litton/Ocwen has identified approximately 450 Sample Loans in its production to Bank of America, and more than 3,200 in its production to Goldman Sachs. On April 22, 2013, Litton/Ocwen also provided Merrill with a cross reference for its entire production to Bank of America. *See* Ex. 2. These lists will allow the parties to identify any remaining FHFA Sample Loans in the Litton/Ocwen production. The parties have a meet and confer scheduled with Litton/Ocwen at 2:00pm tomorrow to discuss the status of these projects, and related issues. In complete disregard of these facts, FHFA asks the Court compel defendants to spend hundreds of thousands of dollars in a wasteful cracking effort to obtain the same result Litton/Ocwen is in the process of providing. Litton/Ocwen's efforts are working, and therefore cracking the Litton/Ocwen files is entirely unnecessary.[1]

Even if cracking were necessary, which it is not, the situation here is sufficiently different from the UBS situation the Court recently considered to warrant a different result. First, unlike in UBS, FHFA has also served Litton/Ocwen with subpoenas for some of these same loan files and has obtained loan files in response to those subpoenas. In other words, FHFA's subpoena to Litton/Ocwen seeks some of the same loans requested by Merrill, but FHFA pretends that there is no overlap. Second, FHFA is incorrect when it states that "to the extent FHFA received Loan Files from Ocwen/Litton containing Sample Loans, FHFA has already identified such Loan Files and produced them to Merrill." FHFA Ltr. at 5. A review of the production FHFA received pursuant to its conservator subpoena shows that there are hundreds of loans in that production that cannot be identified as FHFA sample loan files without either cracking the file or utilizing the cross-referencing process described above.[2] Third, unlike in UBS where FHFA complained that UBS failed to provide Litton/Ocwen with information necessary to pinpoint the sample, early on Merrill requested that Litton/Ocwen "prioritize[] production" of Sample loan files, *see* Ex. 3, 2/5/2013 Letter from Cady to Wagner, and sent Litton/Ocwen the loan level information for the Sample Loans that continues to yield success. These differences demonstrate why the logic underlying the Court's UBS cracking order does not apply in these particular circumstances.

Even if cracking the Litton/Ocwen loan files were necessary, Merrill should not be saddled with the entire cost. The parties would have been confronted with the same issue

---

[1] Merrill anticipates being able to update the Court on Litton/Ocwen's progress during the Court's status conference on April 26, 2013, as additional meet-and-confers with Litton/Ocwen's counsel will be held this week.

[2] For example, all loans in securitization OWNIT 2006-1 are not identified with the loan origination numbers that correspond to the loan numbers in FHFA's sample. Instead, they appear to be labeled with some type of internal naming logic.

WILLIAMS & CONNOLLY LLP
Hon. Denise L. Cote
April 22, 2013
Page 3

even if Merrill had stipulated to FHFA's sample and limited its subpoena to sample loans identified by "loan-level information." FHFA Ltr. at 4.[3] Either Litton/Ocwen would have had to go through the same exercise it is now undertaking to identify loans in the Sample, or someone would have had to crack the loans files to make that determination. In other words, cracking would have been one of the required alternatives even if Merrill had agreed to sampling at the outset and issued subpoenas that were limited to the Sample Loans. Moreover, FHFA's sampling protocol expressly requires the collection of loan files from outside the sample because it permits FHFA to substitute sample loans in certain circumstances. *See* DE No. 119, at 10-11 ("plaintiffs want to reserve the right to reach outside the boundaries of their initial sampling group to draw on other data."). To substitute loans, FHFA must have a pool of loan files outside the Sample from which to draw. Even if the parties had stipulated to the sample, a requested production from Litton/Ocwen would not have been limited to the Sample and the parties would still face the prospect of culling through the Litton/Ocwen Production to determine which loans are in the Sample, and which are not.

Finally, with respect to the Court's earlier ruling in UBS, Merrill submits that there is no legal justification for requiring it to shoulder the costs of cracking. The Supreme Court has made clear that courts do not have the inherent authority to "shift litigation costs absent express statutory authority." *W. Va. Univ. Hosps., Inc. v. Casey*, 499 U.S. 83, 86-87 (1991). Federal Rule of Civil Procedure 26 does not displace that general rule; instead it provides Courts with authority, under certain circumstances, to shift litigation costs between *responding* and *requesting* parties. *See Zubulake v. UBS Warburg, LLC*, 216 F.R.D. 280, 284 (S.D.N.Y. 2003) (rejecting requests for costs associated with reviewing documents and noting that "[i]t is worth emphasizing again that cost-shifting is potentially appropriate only when inaccessible data is sought."). In general a party responding to a document request must review its own documents so that it can identify and produce only those documents being requested. But with respect to the Litton/Ocwen files, Merrill is *not* a responding party. Ocwen's loan servicing files are indisputably not in Merrill's possession, custody or control. Defendants have no "legal right to obtain" the loan files, without recourse to a subpoena. *In re Lozano*, 392 B.R. 48 (Bankr. S.D.N.Y. 2008) (citing *U.S. Int'l Trade Comm'n v. ASAT, Inc.*, 411 F.3d 245, 254 (D.C.Cir.2005) ("'Control' is defined as the legal right, authority or ability to obtain documents upon demand."); *see also Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 138 (2d. Cir. 2007) ("[A] party is not obligated to produce, at the risk of sanctions, documents that it does not possess or cannot obtain."). Nothing in Rule 26 suggests that Merrill somehow has an obligation to conduct a review of Litton/Ocwen's production to identify a subset of documents sought by FHFA, let alone bear the costs of such a review. *See Last Atlantis Capital LLC v. AGS Specialist Partners*, 2011 WL 6097769, at *2 (N.D. Ill. 2011) (discussing Plaintiff's third party subpoena and concluding that "[t]his court will not force the Defendants to pay for the evidence that Plaintiffs need in order to prove their case against Defendants"). If, contrary to Merrill's position as briefly outlined above, the Court is inclined to grant FHFA its requested relief with respect to cracking, Merrill requests the opportunity to fully brief the issue for the Court.

---

[3] It also bears noting that nothing prevented FHFA from issuing its own Sample specific subpoena.

WILLIAMS & CONNOLLY LLP
Hon. Denise L. Cote
April 22, 2013
Page 4

### B. FHFA's Repeated Requests for Delay

FHFA's request for an extension of the deadline to elect whether to retain or replace Sample Loans is the latest in a long line of delays FHFA has requested and already received. Under the Court's November 26, 2012 Expert Scheduling Order, the 10-day deadline for FHFA to elect to replace or retain loans in its sample started running on January 31, 2013. At FHFA's request, the parties agreed to extend this deadline three separate times—first until March 15th, then March 31st, and finally April 15th. Now FHFA asks the Court to extend the deadline another month. The sole reason FHFA provides for the requested delay is its expectation that additional loan files will be produced soon. However, for the past six months, FHFA and the defendants have been working in close concert to obtain loan files from originators and servicers. This collaborative effort has included near daily meetings and the enforcement of subpoenas issued by FHFA and defendants. Despite the parties' best efforts and intentions, there are still loans missing and entities promising imminent productions, and almost assuredly there will still be missing files and unfulfilled promises on whatever date the Court establishes as the date by which FHFA must make its election.

It is well past the original January 31, 2013 deadline for FHFA to finalize its sample. The interim disclosure process is underway, the time to locate to locate substitute loan files for replacement purposes is limited, and the deadline for expert re-underwriting reports is fast approaching. Further delay beyond the April 25th deadline prejudices Merrill's ability to defend itself against loan defect allegations. For example, trying to identify and locate the newly designated loan files, and then to identify and locate documents that may be missing from these loan files is a time-consuming effort that can take months to reach fruition. The addition of new loans, even if their files have already been produced, will compromise Merrill's ability to locate these documents in a timely manner. Moreover, Merrill's ability to evaluate loan files and prepare to address FHFA's alleged defects is compromised by the short period of time that remains in the expert re-underwriting schedule. Time and again, FHFA has sought to hold defendants to the deadlines established by this Court; the Court's deadlines should apply equally to FHFA.

### C. Conclusion

The Court should deny FHFA's requested relief. FHFA's request that Merrill engage in loan cracking is completely unnecessary, as Litton/Ocwen's counsel has made clear. *See* Ex. 1 and 2. Thus, cracking is unnecessary and that should end the inquiry. But even if the Court were inclined to consider cracking here, there are key distinctions at play here (both factually and legally) that, at a minimum, should require FHFA to share jointly in the cracking effort, not the least of which is the fact that FHFA served subpoenas seeking some of these same loan files from Litton/Ocwen. Accordingly, if the Court is inclined to order cracking, then Merrill asks the Court's permission to brief the issue and make a complete record on this issue.

Finally, the Court should deny FHFA's request to extend its deadline for electing to replace or retain loan files in its sample. Although Merrill was willing to extend the deadline

WILLIAMS & CONNOLLY LLP

Hon. Denise L. Cote
April 22, 2013
Page 5

on earlier occasions, time has become short enough that further extensions will prejudice Merrill's ability to mount its defense as to those loans (e.g., hampering Merrill's ability to locate missing documents in a timely fashion and to prepare to respond to FHFA's alleged defects in advance).

Respectfully,

Ryan Scarborough

cc: All counsel (by e-mail)

# Exhibit 1

Case 1:11-cv-06202-DLC   Document 337   Filed 04/24/13   Page 6 of 12

## Vaughn, Benjamin

**From:** Brian J. Wagner [bwagner@houser-law.com]
**Sent:** Monday, April 22, 2013 3:51 PM
**To:** Vaughn, Benjamin
**Subject:** FW: BoA/Merrill Doc Production

Ben,

Yes, as we discussed, Ocwen's efforts to provide a cross-reference is for the sample loans is ongoing and to date, they have successfully identified a portion of the loans in the sample. The same is true with respect to loans in the sample spreadsheet provided by Goldman Sachs. It is my understanding that the loan level information provided in the spreadsheets is permitting Ocwen to search its systems to identify the matching loans. Let me know if you need anything further. Thanks.

Brian J. Wagner
Attorney
**HOUSER**
& ALLISON, APC
3780 Kilroy Airport Way, Ste. 130
Long Beach, CA 90806
P: (562) 256-1675   F: (562) 256-1685
www.houser-law.com
Offices in Orange, Los Angeles, & San Diego Counties,
Boston, Las Vegas, Newark, New York, Portland, Scottsdale, & Seattle.

Admitted to Practice in California and Texas

This electronic message contains information from the law firm of Houser & Allison, APC. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at bwagner@houser-law.com.

# Exhibit 2

## Vaughn, Benjamin

| | |
|---|---|
| **From:** | Joanna K. Chan [JChan@CohenGresser.com] |
| **Sent:** | Thursday, April 18, 2013 8:07 PM |
| **To:** | 'Michael Silver'; Vaughn, Benjamin; Jones, Sarah P. (joness@sullcrom.com); Keara A. Bergin (kbergin@dpklaw.com); 'Ian C. Matthews'; 'Molly Stephens'; 'Karen Bobrow'; ascheiner@llf-law.com; 'Oster, John F.'; Farbod Moridani; Hu, Ellen C.; Popovsky, Mark A.; Brittany Frassetto |
| **Cc:** | Nathaniel P.T. Read |
| **Subject:** | FW: Meet & Confer with Ocwen |
| **Attachments:** | FHFA Servicer Sample (Ocwen) (5).xlsx; FHFA.Manifest.HD3.HD4.xlsx |

Fyi

**From:** Brian J. Wagner [mailto:bwagner@houser-law.com]
**Sent:** Thursday, April 18, 2013 7:40 PM
**To:** Joanna K. Chan
**Cc:** Nathaniel P.T. Read
**Subject:** RE: Meet & Confer with Ocwen

Joanna,

As we discussed on the call, attached are two spreadsheets to circulate to the group. The first is the servicer sample list with the Ocwen Loan Number filled in, where it has been located. They are continuing their efforts to match more loans. The second is the manifest for the third and fourth hard drives, with corresponding loan numbers added. This information is being produced subject to Ocwen's responses and objections to the subpoena and should be considered highly confidential as contemplated in the protective order. If you have any questions, please let me know. Thanks.

Brian J. Wagner
Attorney
**HOUSER**
& ALLISON, APC
3780 Kilroy Airport Way, Ste. 130
Long Beach, CA 90806
P: (562) 256-1675   F: (562) 256-1685
www.houser-law.com
Offices in Orange, Los Angeles, & San Diego Counties,
Boston, Las Vegas, Newark, New York, Portland, Scottsdale, & Seattle.

Admitted to Practice in California and Texas

This electronic message contains information from the law firm of Houser & Allison, APC. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at bwagner@houser-law.com.

**From:** Joanna K. Chan [mailto:JChan@CohenGresser.com]
**Sent:** Thursday, April 18, 2013 3:01 PM
**To:** Brian J. Wagner
**Cc:** Hu, Ellen C.; Popovsky, Mark A.; Brittany Frassetto; 'Benjamin Vaughn'; Jones, Sarah P. (joness@sullcrom.com); Keara A. Bergin (kbergin@dpklaw.com); 'Ian C. Matthews'; 'Molly Stephens'; 'Karen Bobrow'; ascheiner@llf-law.com; Nathaniel P.T. Read; 'Oster, John F.'; Farbod Moridani; 'Michael Silver'
**Subject:** RE: Meet & Confer with Ocwen

Brian – The parties are running late due to a separate meet and confer. We would like to push today's call back to 6:15 (EST). Please let us know if that poses a problem for you.

1

-----Original Appointment-----
**From:** Joanna K. Chan
**Sent:** Monday, April 15, 2013 6:11 PM
**To:** Joanna K. Chan; 'Michael Silver'; 'Benjamin Vaughn'; Jones, Sarah P. (joness@sullcrom.com); Keara A. Bergin (kbergin@dpklaw.com); 'Ian C. Matthews'; 'Molly Stephens'; 'Karen Bobrow'; 'Brian J. Wagner'; ascheiner@llf-law.com; Nathaniel P.T. Read; 'Oster, John F.'; Farbod Moridani
**Cc:** Hu, Ellen C.; Popovsky, Mark A.; Brittany Frassetto
**Subject:** Meet & Confer with Ocwen
**When:** Thursday, April 18, 2013 6:00 PM-6:30 PM (UTC-05:00) Eastern Time (US & Canada).
**Where:** Phone: 855-957-3600 // Code: 5172

2

# Exhibit 3

LAW OFFICES
# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

STEVEN M. CADY
(202) 434-5321
scady@wc.com

February 5, 2013

**Via E-Mail**

Brian J. Wagner
3780 Kilroy Airport Way, Suite 130
Long Beach, CA 90806
bwagner@houser-law.com

      **Re:   FHFA v. Merrill Lynch & Co., Inc., et al., No. 11 Civ. 6202**

Dear Mr. Wagner:

      I write in connection with the Subpoena that we previously served on your client, Litton Loan Servicing, in the above-captioned action. Although the Subpoena requires production of all the loan files called for in the Subpoena, the parties are seeking prioritized production of loan files for a reduced sample of loans.

      You may obtain a spreadsheet identifying loan numbers and other information for this priority sample of loans at the following FTP site:

- https://fhfaftp.quinnemanuel.com
- The username for the FTP site is fhfaservicers and the password is ztrN0imv.

      The parties are seeking from Litton Loan Servicing the loan files relating to the loans on the spreadsheet for which Litton Loan Servicing is identified as the servicer. Please contact me by February 13, 2013 to discuss the requested priority production. If your client needs additional loan information to locate the relevant loan files, such as property addresses or borrower names, please contact Julie Reynolds at (202) 661-3422 or jreynolds@wc.com.

      The parties may request prioritized production of additional loans beyond the ones listed on the spreadsheet and will identify such loans separately.

      Sincerely,

      */s/ Steve Cady /ajp*
      Steven M. Cady

*Counsel for Defendants Bank of America Corp., Bank of America, NA.; Merrill Lynch, Pierce, Fenner & Smith Inc. (f/k/a Banc of America Securities LLC); Asset Backed Funding Corp.; Banc of America Mortgage Securities Inc.; and Banc of America Funding Corp.*