**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

September 11, 2013

MEMO ENDORSED

VIA ELECTRONIC MAIL
The Honorable Denise L. Cote
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007-1312

USDC SDNY
DOCUMENT
ELECTRONICALLY
DOC #:
DATE: 9/13/13

Re: *FHFA v. JPMorgan Chase & Co.*, 11 Civ. 6188 (DLC);
*FHFA v. Merrill Lynch & Co., Inc.*, 11 Civ. 6202 (DLC)

Dear Judge Cote:

    We write on behalf of Plaintiff Federal Housing Finance Agency ("FHFA") in response to the letter dated September 9, 2013 from the Merrill Lynch and JPMorgan defendants ("Defendants") requesting that the Court preclude FHFA from serving an expert appraisal report in the above-captioned actions concerning the conformance of the appraisals for a subset of FHFA's sample loans with the industry standards of professional appraisal practice.

    First, Defendants' assertions are unsupported by either the language of the Court's Expert Scheduling Order ("ESO") or the guidance the Court provided the parties concerning its scope. Use of the original appraisal to evaluate whether it adhered to appraisal standards does not involve the "identification of failures on the face of the Loan Files when matched against the Guidelines," ESO ¶ 3, which is the scope of the interim re-underwriting review envisioned by the Court. Nov. 15, 2012 Hr'g Tr. at 87:11-16 ("[T]he reunderwriting process is a very narrow one. It's identifying failures on the face of the loan files when matched against the underwriting guidelines. It does not limit the plaintiffs—or does not represent the totality of the plaintiff's representations with respect to deficiencies in the underwriting process.") (Cote, J.). Additionally, as Defendants recognize in not taking issue with FHFA's issuance of the AVM property "value" part of its expert report, the ESO was never intended to address issues of value and LTV ratios or any related deficiency in an appraisal. *See id.* at 10:23-24 ("Loan-to-value, LTV, ratio I don't think is part of the reunderwriting process.") (Cote, J.). Just like the value part of FHFA's appraisal expert report, the appraisal standards' analyses do not require determining whether "the appraisal in the [loan] file … did or didn't match some underwriting guideline." *Id.* at 10:25-11:4.

    Second, a comparison of the loan file to industry standards was specifically excluded from the ESO. ESO ¶ 3 ("For purposes of this Order, the re-underwriting review refers to the identification of failures on the face of the Loan Files when matched against the Guidelines, *and does not refer to assessments of prudent underwriting or industry practice*.") (emphasis added); *see also* Nov. 15, 2012 Hr'g Tr. at 89:14-20 ("But if the expert says there was a deficiency in the underwriting process because it doesn't meet standards in the industry, because the underwriter – or the originator failed to get all this other source of information that was available and isn't reflected in the loan file, that's all fair game. That is all fair game because all we're doing with

**The Honorable Denise L. Cote**                                          **September 11, 2013**

this project is matching the loan file to the guidelines.") (Cote, J.). Here, contrary to Defendants' assertions, FHFA does not intend to "revisit" appraisals for purposes of identifying appraisal-related defects concerning compliance with underwriting guidelines, but rather FHFA's appraisal standards report will compare the appraisals for a subset of FHFA's sample loans to the industry appraisal standards applicable at the time. Indeed, FHFA has already disclosed more than the ESO required as part of the interim disclosure process. Defendants' Sept. 9, 2013 Letter, at 2.

Finally, it is notable that Defendants belatedly raise this issue with the Court over a month after FHFA submitted its August 5, 2013 status report indicating that FHFA would be submitting such a report. Indeed, given the Court's prior rulings concerning the circumstances under which loan-to-value percentages could be considered a misrepresentation, Defendants have been on notice for over a year that FHFA would be submitting an appraisal standards report. *See FHFA v. UBS Americas, Inc.*, 858 F. Supp. 2d 306, 325 (S.D.N.Y. 2012) (holding plaintiffs must prove LTV ratios were objectively false and disbelieved by the speaker when made). Accordingly, it should be no surprise to Defendants that FHFA would be proffering expert appraisal testimony at trial concerning the conformance of the appraisals for a subset of the sample loans with industry standards of appraisal practice. More importantly, although the Defendants have engaged in numerous meet-and-confer sessions with FHFA about this issue over the last several weeks, the JPMorgan defendants failed to raise the issue with the Court in their August 23, 2013 counter-proposal to FHFA's expert schedule, and the Merrill Lynch defendants failed to raise this issue with the Court in connection with their stipulation to the now ordered September 6, 2013 expert schedule. FHFA met and conferred with each respective defendant concerning the substance of FHFA's appraisal standards report prior to the submission of each of these schedules.

In sum, FHFA's appraisal standards report is not covered by the text or spirit of the ESO because it does not relate to underwriting guidelines, but rather focuses on the very type of industry practice excluded from the interim findings process. Furthermore, it is an important part of the evidence that FHFA will present at trial. For these reasons, Defendants' letter application seeking to preclude FHFA from serving such report should be denied outright.

*[Handwritten annotation:] To the extent FHFA is evaluating the appraisals vis-à-vis industry standards, that is not a violation of the ESO.*

*[Signed:] Denise Cote*
*Sept. 13, 2013*

2

**The Honorable Denise L. Cote**                                          **September 11, 2013**

Respectfully submitted,

/s/ Manisha M. Sheth
Manisha M. Sheth
(manishasheth@quinnemanuel.com)
QUINN EMANUEL URQUHART &
 SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

*Attorney for Plaintiff Federal Housing Finance
Agency in FHFA v. JP Morgan Chase & Co. and
FHFA v. Merrill Lynch & Co., Inc.*

cc:     All Counsel of Record