**FHFA's Response to Defendants' 10/3/2013 Letter**
**Requesting A Pre-Motion Conference on Depositions**

October 4, 2013

<u>**VIA ECF**</u>

The Honorable Denise L. Cote
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007-1312

Re:   <u>FHFA v. Merrill Lynch & Co., Inc., 1-11 Civ. 6202 (DLC); FHFA v. JPMorgan Chase & Co., 1-11 Civ. 6188 (DLC); FHFA v. HSBC North America Holdings, Inc., 1-11 Civ. 6189 (DLC); FHFA v. Barclays Bank PLC, 1-11 Civ. 6190 (DLC); FHFA v. Deutsche Bank AG, 1-11 Civ. 6192 (DLC); FHFA v. First Horizon National Corporation, 1-11 Civ. 6193 (DLC); FHFA v. Bank of America Corporation, 1-11 Civ. 6195 (DLC); FHFA v. Goldman, Sachs and Co., 1-11 Civ. 6198 (DLC); FHFA v. Credit Suisse Holdings (USA), Inc., 1-11 Civ. 6200 (DLC); FHFA v. Nomura Holding America, Inc., 1-11 Civ. 6201 (DLC); FHFA v. SG Americas, Inc., 1-11 Civ. 6203 (DLC); FHFA v. Morgan Stanley, 1-11 Civ. 6739 (DLC); FHFA v. Ally Financial, Inc., 1-11 Civ. 7010 (DLC)</u>

Dear Judge Cote:

We write on behalf of Plaintiff FHFA in response to Defendants' October 3 letter, which seeks a pre-motion conference to address Defendants' request for reconsideration of this Court's September 23 and October 3 Orders regarding deposition limits. We request that Your Honor deny this request.[1]

Defendants' request to alter the agreed deposition schedule retroactively is both untimely and contravenes their prior representations to the Court. On September 9, 2013, Defendants submitted two letters to the Court seeking modification of the then-existing deposition limits. The letter submitted by Mr. Bennett on behalf of all Defendants sought the Court's leave "to use *their remaining deposition days* flexibly." 9/9/2013 E. Bennett Ltr. at 1 (emphasis added). Defendants further clarified their requested relief to "permit Defendants to use *their five remaining common depositions flexibly*." *Id*. at 2 (emphasis added). In an Order on September 13, 2013, the Court ordered the parties to meet and confer, and Defendants to disclose "whether the requests made in the two September 9 letters are their final requests for additional depositions of FHFA." 9/13/2013 Order at 2, Dkt. 653. In a meet and confer with FHFA on September 16, 2013, Defendants represented that they did not intend to present further requests for additional deposition days or time. Defendants confirmed this position in the Parties' Joint Update to the Court, filed September 18, 2013, stating unequivocally: "Defendants intend for the requests made in the September 9 letters to be their final requests to this Court for additional depositions." *See* 9/18/2013 Parties' Joint Update to the Court, Dkt. 659. Defendants did not alter their position in their September 19, 2013 submission, or raise their request for the ability to alter the agreed deposition schedule retroactively. Rather, Defendants raised their request for flexibility as to already-noticed depositions with FHFA for the first time on September 26. The

---

[1] The Court has stated that it does not hold pre-motion conferences. *See* 11/6/2012 Hr'g. Tr. at 63:22 ("We don't have pre-motion conferences.").

Court's October 3 Order confirms this chronology. 10/3/2013 Order at 2, Dkt. 692 ("Finally, the defendants did not request, and the September Order did not give them permission, to reduce the depositions of any of the 15 scheduled deponents from two days to one. The only flexibility they sought, and were given, was in connection with the ten deposition days for the 5 yet-to-be scheduled deponents."). The Court should deny the requested "post-final" relief.

Any "shortage of deposition time and deposition witnesses afforded to Defendants" (10/3/2013 P. Shane Ltr. at 1) will be remedied by the "safety valve" the Court has put in place (4/26/13 Hr'g Tr. at 15:5-12). The Court reminded Defendants of this in its September 23 Order. *See* 9/23/13 Order at 2-3, Dkt. 665 ("To the extent FHFA seeks to show at trial that it relied on any of the defendants' representations, and the defendants have not yet deposed the trial witness, the defendants are reminded that they will have an opportunity to depose the trial witness in advance of their trial testimony.").

Defendants' request for this new relief regarding deposition limits neither justifies consuming further resources of the Court nor justifies any further change to the current orders in place. Accordingly, FHFA respectfully asks that the Court deny Defendants' request.

Respectfully submitted,

/s/ Jon Oblak
Jon Oblak
(jonoblak@quinnemanuel.com)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue
New York, NY 10010

*Attorney for Plaintiff Federal Housing Finance Agency*

/s/ Kanchana Wangkeo Leung
Kanchana Wangkeo Leung
(kleung@kasowitz.com)
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, New York 10019

*Attorney for Plaintiff Federal Housing Finance Agency*