

October 11, 2013

Matthew M. Riccardi
D 212.530.1810
F 917.344.8810
mriccardi@rkollp.com

**BY ECF**

The Honorable Denise L. Cote
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    <u>Federal Housing Finance Agency v. Merrill Lynch & Co., Inc. *et al.*</u>,
             11 Civ. 6202 (DLC) (S.D.N.Y.)

Dear Judge Cote:

      We represent Mr. Matthew Whalen, an Individual Defendant in *Federal Housing Finance Agency v. Merrill Lynch & Co., Inc. et al.*, 11 Civ. 6202 (DLC) (S.D.N.Y.). As a named Defendant, he will be made available to FHFA for a one-day deposition on October 23, 2013. We write in response to FHFA's letter, dated October 10, 2013, asking the Court to compel Mr. Whalen to sit for a *second* seven-hour day of deposition. Under the clear terms of the Amended Order Regarding Deposition Protocol filed February 25, 2013 (the "Deposition Protocol"), FHFA's request for an Order compelling Mr. Whalen's attendance at a second day of deposition should be denied.

      Mr. Whalen is named as an Individual Defendant in the Amended Complaint ("Am. Compl.") filed in the above-referenced action. (Am. Compl. ¶ 62.) He is alleged to have been "President and Chairman of the Board of Directors of [corporate defendant] Merrill Lynch Mortgage Investors, Inc." ("MLMI") and to have signed certain shelf registration statements filed by MLMI that are now at issue in the litigation. (*Id.*)

      Under the terms of the Deposition Protocol, "[o]ther than for good cause shown … each deposition of an Individual Defendant will presumptively last for one seven-hour day, exclusive of breaks." (Deposition Protocol § II.A.) The Deposition Protocol draws a sharp distinction between Individual Defendants and non-party witnesses, who may presumptively be deposed for "two seven-hour days." (*Id.*) Hence, the deposition of Mr. Whalen is "presumptively" limited to a single day unless FHFA demonstrates "good cause" for extending the deposition to a second day.

      As "good cause," and to overcome the presumption set forth in the Deposition Protocol, FHFA has contended that it is entitled to a two-day deposition of Mr. Whalen because he was

October 11, 2013
Page 2

allegedly a "key manager" of Merrill Lynch's residential mortgage backed securities ("RMBS") business.

But there is no provision in the Deposition Protocol for discriminating among Individual Defendants and non-party witnesses on the basis of FHFA's unilateral view as to whether they were "key" employees or not. In fact, the precedent in this case is to the contrary: FHFA has consistently used the Deposition Protocol to limit the length of depositions of its own key witnesses, including key FHFA witnesses who had responsibility for purchasing *hundreds of securitizations* from defendants. If there is not good cause to depose witnesses who worked on hundreds of securitizations for additional time so that 15 different groups of defendants can adequately examine the witness, there is even less cause for additional time with witnesses whose scope of work was substantially less. That an individual defendant was a "key manager" should come as no surprise to FHFA; presumably, FHFA named as individual defendants persons it believed had important roles in the securitizations at issue.

Mr. Whalen has moved for judgment on the pleadings as to the Section 11 claim against him. If FHFA were to drop its opposition to that motion and dismiss the remaining claims against Mr. Whalen, he would be available to be deposed for two days. Absent that step, Mr. Whalen's deposition should be limited to a single seven-hour day as set forth in the Deposition Protocol.

               Respectfully,

               /s/Matthew M. Riccardi

               Matthew M. Riccardi

cc:  Counsel for the Merrill Lynch (via ECF)
    Corporate Defendants (via ECF)