**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
(212) 849-7441

WRITER'S INTERNET ADDRESS
manishasheth@quinnemanuel.com

October 11, 2013

<u>VIA ECF</u>

The Honorable Denise L. Cote
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007-1312

Re: <u>FHFA v. Merrill Lynch & Co., Inc., et al.</u>, No. 11-cv-6202

Dear Judge Cote:

    We write on behalf of the Federal Housing Finance Agency ("FHFA") to respectfully request this Court to compel the Merrill Lynch Defendants ("Merrill Lynch") to produce "consulting agreements" between Merrill Lynch and its former employees who are fact witnesses in the above-captioned action.



███████████████████████████████████████ FHFA requested that Merrill Lynch produce ██████████ consulting agreement and all similar consulting agreements with

---

[1] ████████████ (Exhibit 1).
[2] ████████████████ (Exhibit 2).

**quinn emanuel urquhart & sullivan, llp**

LOS ANGELES | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY

Case 1:11-cv-06202-DLC   Document 524   Filed 10/11/13   Page 1 of 2

The Honorable Denise L. Cote
October 11, 2013

former employee fact witnesses.[3]  Merrill Lynch refused to produce such documents, inaccurately claiming that FHFA had failed to request these documents.[4]

  The requested documents are relevant and responsive.  First, consulting agreements through which former employees are paid to prepare to testify are unquestionably relevant to the witness's credibility and discoverable pursuant to Federal Rule of Civil Procedure 26.  *See Thomas v. City of New York*, 2013 WL 2420815, at *5-6 (S.D.N.Y. Jun. 4, 2013) (granting Rule 60(b) motion based, in part, on failure to disclose agreement with fact witness in response to discovery request); *State of New York v. Solvent Chem. Co., Inc.*, 166 F.R.D. 284, 291 (W.D.N.Y. 1996) (ordering production of consulting agreement with fact witness and holding that agreement was not protected by work-product doctrine).  Second, these consulting agreements are responsive to several of FHFA's document requests, including Request No. 18 which seeks, *inter alia*, "[a]ll documents and communications relating to compensation paid to any employee, agent, or broker of Defendants involved in the Securitizations . . . ."[5]  The parties met and conferred regarding production of compensation-related documents and agreed that Merrill Lynch would produce, among other things, documents sufficient to show actual compensation of document custodians.[6]  Finally, the production of such consulting agreements is not unduly burdensome because the agreements represent a small, well-defined universe of readily identifiable documents which should be relatively easy to collect.

  FHFA therefore respectfully requests that the Court compel Merrill Lynch to produce all consulting agreements relating to compensation of fact witnesses for preparation of testimony in this case.  Thank you for Your Honor's consideration of this letter application.

Respectfully submitted,

/s/ Manisha M. Sheth

Manisha M. Sheth

cc: Counsel of record

---

[3] September 10, 2013 letter from Joy Odom to Jesse Smallwood (Exhibit 3); September 13, 2013 letter from Tyler Whitmer to Jesse Smallwood (Exhibit 4).

[4] September 11, 2013 letter from Jesse Smallwood to Joy Odom (Exhibit 5); September 16, 2013 letter from Jesse Smallwood to Tyler Whitmer (Exhibit 6).

[5] Plaintiff FHFA's Fifth Request for the Production of Documents (Exhibit 7), Request No. 18.  *See, e.g.*, Plaintiff FHFA's Second Request for the Production of Documents, Request No. 35 ("All documents, and communications relating to:  (a) compensation paid to any employee, agent, or broker of you, any Originator, or any other entity that played a role in the Securitizations, based in part or in whole on volume or rate of loan origination, evaluation, purchase, sale, or securitization . . . .").

[6] Declaration of Robert S. Trisotto (Exhibit 8).  When other defendants refused to produce compensation-related documents, the Court twice compelled production.  (11/19/12 Hrg. Tr. 24:2-4; 12/14/12 Hrg. Tr. 109:15-16.)