Via ECF

LAW OFFICES

## WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

RYAN SCARBOROUGH
(202) 434-5173
rscarborough@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

December 23, 2013

Hon. Denise L. Cote
United States Judge
500 Pearl Street
New York, New York 10007-1312

   Re: <u>FHFA v. Merrill Lynch, et al., 11-cv-6202</u>

Dear Judge Cote:

  I write today to seek the Court's assistance in compelling FHFA to provide dates to depose three of its experts in the *Merrill Lynch* action – Richard Payne III, Dr. John Kilpatrick, and Dr. Donald Epley – prior to the February 7, 2014 filing deadline for Defendants' rebuttal reports. Absent a court order, FHFA refuses to produce these experts prior to February 7, 2014.

  Defendants initially contacted FHFA and requested deposition dates in December or January. To accommodate FHFA's counsel and their experts, who had deadlines in other FHFA cases in early January, Defendants agreed to schedule the depositions in mid- to late-January. FHFA initially agreed to provide dates within that window. But when Defendants followed up on December 18, 2013 to nail down the exact dates for the deposition notices, FHFA for the first time objected to providing dates prior to the February 7, 2014 deadline for Merrill Lynch to provide its re-underwriting rebuttal reports. FHFA's asserted rationale is that their experts will have undisclosed opinions about Merrill Lynch's experts' reports, and FHFA only wants to put up its experts for one deposition.

  Fairness dictates Defendants have an opportunity to depose FHFA's experts to obtain answers to questions raised by their reports before Defendants' rebuttal experts are required to issue their reports. *See* Fed. R. Civ. P. 26, Adv. Comm. Note to 1970 amend. ("[E]ffective rebuttal requires advance knowledge of the line of testimony of the other side."). For example, as FHFA's re-underwriting expert, Mr. Payne opines about alleged "minimum industry standards" that are not documented in any prospectus supplement or other industry publication. Merrill Lynch needs to understand the basis and source for each minimum industry standard so that its rebuttal re-underwriting expert can address each alleged violation of these standards. Likewise, as FHFA's appraisal/valuation expert, Mr. Kilpatrick created two separate models – the Greenfield Automated Valuation Model and the Credibility Assessment Model – to assess the objective accuracy of the appraised values and the subjective belief of the appraisers who

reached those values, respectively. Defendants cannot properly frame their rebuttal reports without deposing Payne, Kilpatrick, and Epley before the rebuttal reports are due.

FHFA contends the Court should require Defendants' experts to respond to the opinions of Payne, Kilpatrick, and Epley without the opportunity to first clarify the many questions raised by their reports. The law compels no such result. *See Wechsler v. Hunt Health Sys., Ltd.*, No. 94 Civ. 8294(PKL), 2003 WL 470330, at *6-7 (S.D.N.Y. Feb. 25, 2003) (ordering deposition of plaintiff's expert prior to rebuttal expert report deadline because "sympathetic" to defendants' inability "to prepare a rebuttal report until they depose plaintiff's expert"); *Monopoly Hotel Grp., LLC v. Hyatt Hotels Corp.*, 291 F.R.D. 684, 689 (N.D. Ga. 2013) ("[T]here is simply nothing in the default deadlines provided by Rule 26 that entitles a party to receive a rebuttal report before producing its expert for a deposition.").

As the noticing party, Defendants are entitled to notice depositions to occur consistent with the deadlines in the case. *See* Fed. R. Civ. P. 30(a). Defendants have sought to accommodate FHFA by seeking workable dates for the depositions prior to noticing those depositions. FHFA has not represented that there is a conflict with scheduling the depositions for late January. Accordingly, FHFA has not offered any reasonable explanation for refusing to permit Defendants to depose Payne, Kilpatrick, and Epley in mid- to late-January.

As for FHFA's rationale that its experts should only be exposed to one deposition, Rule 26 limits their opinions to those fairly set forth within the four corners of their expert reports. Fed. R. Civ. P. 26(a)(2). Those are the confines within which Defendants intend to question FHFA's experts. To the extent FHFA alleges scheduling the depositions prior to the rebuttal report deadline will require Defendants to depose the experts a second time after Defendants submit rebuttal reports, that allegation is unfounded. Defendants will not seek a second deposition of Payne, Kilpatrick, or Epley unless those experts intend to offer new opinions not heretofore disclosed in their expert reports.

For the foregoing reasons, Defendants respectfully request this Court compel FHFA to immediately provide dates in mid- to late-January for the depositions of Payne, Kilpatrick, and Epley.

Respectfully submitted,

Ryan Scarborough