Via ECF

LAW OFFICES

## WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

RYAN SCARBOROUGH
(202) 434-5173
rscarborough@wc.com

(202) 434-5000

FAX (202) 434-5029

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

December 30, 2013

Hon. Denise L. Cote
United States Judge
500 Pearl Street
New York, New York 10007-1312



Re:  FHFA v. Merrill Lynch, et al., 11-cv-6202           **MEMO ENDORSED**

Dear Judge Cote:

    I write in response to FHFA's letter dated December 27, 2013 regarding FHFA's mischaracterization of Defendants' motion to compel deposition dates prior to the rebuttal report deadline as a request for "premature" or "seriatim" depositions. 12/27/2013 Letter from S. Rand to Judge Cote, at 1-2. There is nothing "premature" about scheduling the depositions in late-January 2014—three months after the experts filed their reports. Defendants simply request to depose Richard Payne III, Dr. John Kilpatrick, and Dr. Donald Epley on the contents of their expert reports prior to the rebuttal report filing deadline.

    FHFA's allegation that deposing the experts prior to the rebuttal report deadline will necessitate a second deposition is entirely unfounded. As Defendants stated in our December 23, 2013 letter, "Defendants will not seek a second deposition of Payne, Kilpatrick, or Epley unless those experts intend to offer new opinions not heretofore disclosed in their expert reports." 12/23/2013 Letter from R. Scarborough to Judge Cote, at 2. As there is no provision in the court's scheduling order permitting FHFA's experts to file revised opinions in response to Defendants' rebuttal reports, see Stipulation and Order Regarding the Pretrial Schedule dated Sept. 6, 2013, Dkt. 482, Defendants only intend to depose the experts once.

    Nonetheless, should the court order Defendants may depose Payne, Kilpatrick, Epley only once, Defendants request the Court order the depositions to occur prior to the February 7, 2014 filing deadline. FHFA cites no authority suggesting the federal rules of civil procedure require expert depositions occur after the rebuttal report deadline.[1]

---

[1] Despite FHFA's assertions to the contrary, 12/27/2013 Letter from S. Rand to Judge Cote, at 2, *Wechsler v. Hunt Health Systems, Ltd.*, and *Monopoly Hotel Group, LLC v. Hyatt Hotels Corp.* support the proposition Defendants cite to the cases for: the law does not compel expert depositions to occur after the rebuttal report deadline. *Wechsler v. Hunt Health Sys., Ltd.*,

Accordingly, Defendants respectfully request this Court compel FHFA to immediately provide dates in mid- to late-January for the depositions of Payne, Kilpatrick, and Epley.

Respectfully submitted,

*[signature]* by KMA

Ryan Scarborough

*[handwritten note:]* These expert depositions shall occur once, and be held in the interim between 2/7 and 2/28.

*[signed]* Denise Cote
January 6, 2014

---

2003 WL 470330, at *7 (S.D.N.Y. Feb. 25, 2003) (ordering deposition of plaintiff's expert two weeks prior to rebuttal expert report deadline); *Hotel Grp., LLC v. Hyatt Hotels Corp.*, 291 F.R.D. 684, 689 (N.D. Ga. 2013) ("[A]bsent a case-specific order, there is simply nothing in the default deadlines provided by Rule 26 that entitles a party to receive a rebuttal report before producing its expert for a deposition.").