

RK&O | RICHARDS KIBBE & ORBE LLP

February 20, 2014

**BY HAND**

The Honorable Denise L. Cote
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312





2/24/2014

Re:   Federal Housing Finance Agency v. Merrill Lynch & Co., Inc. et al.,
      11 Civ. 6202 (DLC) (S.D.N.Y.)

Dear Judge Cote:


MEMO ENDORSED

    We represent Matthew Whalen, an individual defendant in the above-captioned action, and Michael Blum, Shannon Madden and James Cason, former employees of Merrill Lynch who provided deposition testimony as non-party witnesses. We write, pursuant to the Court's orders of February 14, 2014 and February 19, 2014, to request that the Court seal or redact certain limited private compensation and performance review information in the materials FHFA filed on February 14, 2014 in support of its motion for partial summary judgment as reflected in today's submission by Merrill Lynch, which we also join. FHFA does not object to the proposed redactions.

    In particular, with respect to our clients' information, we request that the Court order the sealing or redaction of (1) the specific dollar amounts paid to Mr. Whalen as compensation (listed in footnote 13 and the first full sentence of page 50 of FHFA's memorandum of law, paragraph 35 of the Statement of Undisputed Material Facts ("SUF"), and Exhibit 25 to the affidavit of Tyler Whitmer); (2) the specific dollar amount paid to Mr. Blum as compensation (on page 97:19 of Exhibit 15 to the Whitmer affidavit); (3) the specific rate of compensation in Ms. Madden's consulting agreement (on page 67:3 of Exhibit 9 to the Whitmer affidavit); and (4) the performance evaluation of Mr. Cason (Exhibit 44 to the Whitmer affidavit), with the exception of the text cited in SUF ¶ 116.

    Even assuming the private compensation and performance evaluation information of Messrs. Whalen, Blum and Cason and Ms. Madden fall within the scope of "judicial documents" under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) and thus are entitled to a presumption of public access, that presumption is far outweighed by the important countervailing factors of privacy and confidentiality. These individuals' privacy interests "are a venerable common law exception to the presumption of access" and overcome the need for public access, particularly when none of the compensation or performance information is material or will directly affect the Court's determination of FHFA's motion. *See U.S. v. Amodeo*, 71 F.3d 1044, 1049-51 (2d Cir. 1995).

The Honorable Denise L. Cote
February 20, 2014
Page 2

FHFA's disclosure of Mr. Whalen's compensation in its brief, alongside that of two non-party witnesses, is unrelated to the legal question of whether the Merrill Lynch corporate entity defendants can maintain their due diligence and reasonable care defenses. Mr. Blum's prior and Ms. Madden's current compensation and Mr. Cason's performance review are even less relevant. It appears that Mr. Blum's testimony regarding his own compensation has only been included because it happens to be on the same page as his deposition testimony about the factors related to determining bonuses at the bank – the only issue for which FHFA cites Mr. Blum's testimony. *See* SUF ¶ 37. Mr. Cason's performance review has only been included as support for the fact that Merrill Lynch made a 20% investment in Ownit, a mortgage originator. *See* SUF ¶ 116. FHFA's citation of Mr. Cason's review as support for this fact, however, is unnecessary and redundant because it first cites a better source, the Purchase and Sale Agreement between Ownit and Merrill Lynch. *Id.* FHFA makes no use of the rest of Mr. Cason's performance review and thus it is not relevant to the motion. Finally, the approximate amount of Ms. Madden's lost wages from her current employment has no bearing whatsoever on FHFA's motion.

The individuals' competing strong privacy interests tip the balance in support of sealing the requested information. *See Amodeo*, 71 F.3d at 1051. Information in personnel files, such as compensation and performance reviews, is traditionally viewed as private and deserving of confidential treatment because disclosure of such information, by its nature, can cause embarrassment and reputational harm. *See, e.g., Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 631 (S.D.N.Y. 2011) (employment information "may arguably be traditionally considered private rather than public") (citing cases); *Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66, 73-74 (S.D.N.Y. 2010) (personnel files containing income and evaluation information are normally considered confidential). Indeed, "most of the cases in which courts have concluded that the privacy interests of individuals were sufficient to overcome the presumption of access involve illness or sensitive personal financial information." *Lytle*, 810 F. Supp. 2d at 629 (emphasis added). Disclosure of such information is particularly inappropriate for non-parties, such as Messrs. Blum and Cason and Ms. Madden. *Amodeo*, 71 F.3d at 1050 ("[t]he privacy interests of innocent third parties ... weigh heavily in a court's balancing equation."). Indeed, Messrs. Whalen and Blum have consistently sought to shield the information concerning their compensation. Pursuant to the Protective Order entered in this case, the specific testimony concerning their compensation was designated Highly Confidential. See Exhibits A and B.

For these reasons, we request that the Court redact or seal Mr. Whalen, Mr. Blum and Ms. Madden's compensation information and Mr. Cason's performance review consistent with the redactions Merrill Lynch and FHFA have agreed are appropriate.

Thank you for Your Honor's consideration of this submission.

Approved.
/s/ Denise Cote
2/21/14

Respectfully submitted,

Matthew M. Riccardi /gcw
Matthew M. Riccardi

(Enclosures)
cc:   Counsel for Record

# Exhibit A



Katherine Kern Harrington
D 212.530.1929
F 212.530.1801
kharrington@rkollp.com

January 8, 2014

<u>By E-mail & Federal Express</u>

Stacey DiGerardo
Senior Case Manager
Veritext
1250 Broadway, Suite 2400
New York, NY 10001

Re:   Deposition of Matthew Whalen
      *FHFA v. Merrill Lynch*, Case No. 11-CV-6202 (DLC) (S.D.N.Y.)

Dear Stacey:

Enclosed please find the errata and signature sheets for the transcript of the deposition of Matthew Whalen that occurred on December 3 and 4, 2013. The original signed documents will follow.

Pursuant to the Protective Order entered in the above-captioned action, we hereby designate 301:23-312:8 and 462:3-464:18 of the deposition transcript as "Highly Confidential" and the remainder of the deposition transcript as "Confidential."

Sincerely,

*/s/ Katherine Kern Harrington*

Katherine Kern Harrington

(Enclosures)

# Exhibit B



RICHARDS KIBBE & ORBE LLP

Margaret Winterkorn Meyers
D 212.530.1953
F 917.344.8953
mmeyers@rkollp.com

January 6, 2014

By E-mail & Federal Express

Stacey DiGerardo
Senior Case Manager
Veritext
1250 Broadway, Suite 2400
New York, NY 10001

Re:   Deposition of Michael Blum
      *FHFA v. Merrill Lynch*, Case No. 11-CV-6202 (DLC) (S.D.N.Y.)

Dear Stacey:

Enclosed please find the errata and signature sheets for the transcript of the deposition of Michael Blum that occurred on December 3 and 4, 2013. The original signed documents will follow.

Pursuant to the Protective Order entered in the above-captioned action, we hereby designate 97:7-99:13 of the deposition transcript as "Highly Confidential" and the remainder of the deposition transcript as "Confidential."

Sincerely,

*Margaret Myers*

Margaret Winterkorn Meyers

(Enclosures)