UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------X
                                            :
FEDERAL HOUSING FINANCE AGENCY, etc.,       :
                                            :
                              Plaintiff,    :      11 Civ. 6202 (DLC)
                     -v-                    :
                                            :      OPINION & ORDER
MERRILL LYNCH & CO., INC., et al.,          :
                                            :
                              Defendants.   :
                                            :
--------------------------------------------X

APPEARANCES:

For plaintiff Federal Housing Finance Agency:

Manisha M. Sheth
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

For defendants Merrill Lynch & Co., Inc. and affiliated
entities:

Edward J. Bennett
Williams & Connolly, LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005

For defendants Matthew Whalen, Brian T. Sullivan, Michael M.
McGovern, Donald J. Puglisi, Paul Park, and Donald C. Han:

H. Rowan Gaither
Richards Kibbe & Orbe LLP
200 Liberty Street
New York, New York 10281


DENISE COTE, District Judge:

     Plaintiff Federal Housing Finance Agency ("FHFA") requests,

by letter of February 19, 2014, that the Court enter an order

holding admissible prior testimony from witnesses affiliated
with defendant Merrill Lynch & Co., Inc. (together with related
entities, "Merrill Lynch") under Federal Rule of Civil Procedure
32(a)(1)(A) and Federal Rule of Evidence 804(b)(1).  By letters
of February 21, Merrill Lynch opposes FHFA's request, as do
individual defendants Matthew Whalen, Brian T. Sullivan, Michael
M. McGovern, Donald J. Puglisi, Paul Park, and Donald C. Han
(together, the "Individual Defendants").  This Opinion offers
guidance to the parties, without prejudice to the parties'
ability to make further showings in support of, or in opposition
to, admissibility at trial.

    Federal Rule of Civil Procedure 32(a) permits a deposition
taken in a prior action to "be used in a later action involving
the same subject matter between the same parties, or their
representatives or successors in interest, to the same extent as
if taken in the later action," where the party against whom the
deposition is used "was present or represented at the taking of
the deposition or had reasonable notice of it."  Fed. R. Civ. P.
32(a)(1)(A), 32(a)(8).  The "same subject matter" and "same
parties" requirements have been "construed liberally in light of
the twin goals of fairness and efficiency."  Hub v. Sun Valley
Co., 682 F.2d 776, 778 (9th Cir. 1982).  "The accepted inquiry
focuses on whether the prior cross-examination would satisfy a
reasonable party who opposes admission in the present lawsuit.

Consequently, courts have required only a substantial identity of issues, and the presence of an adversary with the same motive to cross-examine the deponent." Id. (citation omitted) (collecting cases); accord Ikerd v. Lapworth, 435 F.2d 197, 205 (7th Cir. 1970); 8A Charles Alan Wright et al., Federal Practice and Procedure § 2150 (3d ed. 2010).

Similarly, when a declarant is "unavailable as a witness," Federal Rule of Evidence 804(b)(1) excepts from the rule against hearsay prior testimony in any proceeding "offered against a party who had -- or, in a civil case, whose predecessor in interest had -- an opportunity and similar motive to develop it by direct, cross-, or redirect examination." Fed. R. Evid. 804(b)(1). With respect to the interpretation of "predecessor in interest," courts have adopted a "realistically generous [approach] over one that is formalistically grudging," admitting testimony where "it appears in the former suit a party having a like motive to cross-examine about the same matters as the present party would have, was accorded an adequate opportunity for such examination." Lloyd v. Am. Export Lines, Inc., 580 F.2d 1179, 1187 (3d Cir. 1978) (citation omitted); accord New Eng. Mut. Life Ins. Co. v. Anderson, 888 F.2d 646, 651 (10th Cir. 1989); Dykes v. Raymark Indus., Inc., 801 F.2d 810, 815-17 (6th Cir. 1986). "[W]hen objecting to the admissibility of such [testimony]," the opposing party should "explain as clearly as

possible to the judge precisely why the motive and opportunity of the [party] in the first case was not adequate to develop the cross-examination which the instant [party] would have presented to the witness."  Dykes, 801 F.2d at 817.  To be "similar," the motives to develop the testimony should be "of substantially similar intensity to prove (or disprove) the same side of a substantially similar issue."  United States v. DiNapoli, 8 F.3d 909, 914-15 (2d Cir. 1993).

FHFA's letter of February 19 attaches excerpts from prior deposition testimony of certain Merrill Lynch witnesses. Counsel for Merrill Lynch was present at all but one of these depositions, a deposition of former Merrill Lynch employee Michael Blum (the "Blum Deposition").  All depositions but the Blum Deposition were taken in actions on an agreed-upon list of Residential Mortgage-Backed Securities ("RMBS") cases responsive to this Court's order of November 6, 2012 that "defendants and FHFA have to provide [each other] the testimony from RMBS witnesses and investigations and litigation."  Merrill Lynch does not contest, in its February 21 letter, that the cases in which this testimony was taken concern the "same subject matter," and it does not claim that its "motive to develop" this testimony was any different in those cases than it would have been in this case.  If this is so, the depositions at which counsel for Merrill Lynch was present should fall within the

4

ambits of Federal Rule of Civil Procedure 32(a)(1) and Federal Rule of Evidence 804(b)(1).

With respect to the Blum Deposition, FHFA contends that "Mr. Blum's interests in the context of [that] investigation were aligned with Merrill Lynch's," noting that "Mr. Blum was represented by the same counsel that represented him in the present action, with bills paid by Merrill Lynch."  The fact that Merrill Lynch paid for Mr. Blum's representation does not itself establish that his counsel had the "same motive" to develop his testimony as Merrill Lynch would have.

With the exception of the testimony of defendants Whalen and Park, the Individual Defendants note that they were not present or represented at these prior depositions.  They argue that FHFA has failed to establish that these cases concern the same issues as the instant case or that Merrill Lynch had the same motive to develop testimony as the Individual Defendants would have had.  Before trial, FHFA will have an opportunity to explain why the Individual Defendants' interests are aligned with those of Merrill Lynch, and the Individual Defendants, for their part, may identify any particular lines of re-direct examination they would have explored that Merrill Lynch did not.

CONCLUSION

In light of this guidance, the parties are directed to meet and confer concerning the admissibility of prior testimony of

5

Merrill Lynch witnesses.  Should the parties fail to reach

agreement, the issue will be decided closer to the time of

trial.


SO ORDERED:

Dated:     New York, New York
           February 28, 2014

                                   _____
                                          DENISE COTE
                                   United States District Judge

6